UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  4:22CR679 AGF (SPM) |
| | ) | |
| PERNELL GREENE, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION FOR PRETRIAL DETENTION AND HEARING**

Comes now the United States of America, by and through its Attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, Jeannette S. Graviss, Assistant United States Attorney for said District, and moves the Court to order defendant detained pending trial.

As and for its grounds for detention, the government requests this Court to consider the following factors pursuant to Title 18, United States Code, Section 3142(g)(1), (2), (3), and (4):

**Presumption of Detention**

1.　The defendant is charged in Counts I and II with offenses for which a maximum term of imprisonment of twenty years is prescribed in the Controlled Substances Act, Title 21, United States Code, Section 801, et seq.), possession with the intent to distribute a controlled substance.  *See* 18 U.S.C. § 3142(e)(3)(A) and (f)(1)(C).

2.　The defendant is charged in Count IV with an offense under Title 18, United States Code, Section 924(c).  *See* 18 U.S.C. 3142(e)(3)(B).

3.　Counts I, II, and IV trigger a rebuttable presumption of detention, pursuant to Title 18, United States Code, Section 3142(e)(3). There are no conditions or combination of conditions which will reasonably assure the appearance of the defendant as required, and the safety of any

1

other person and the community.

## The Nature and Circumstances of the Offense

4.     Title 18, United States Code, Section 3142(g) requires this Court to consider the nature and characteristics of the offense(s) charged, including whether any is a crime that involves a controlled substance or firearm.  The defendant is charged with distribution of more than 40 grams of fentanyl and with distribution of methamphetamine.  Moreover, the defendant is charged with possession of a firearm in furtherance of a drug trafficking crime—an offense which, by its terms necessarily involves a firearm.  As a result, the first of the § 3142(g) factors weighs in favor of detention.

## The Weight of the Evidence Against the Defendant

5.     Section 3142(g) requires the Court to consider the weight of the evidence against the defendant.  The government submits that the evidence against the defendant is strong.

6.     On January 7, 2022, the defendant was a passenger in a car being driven by codefendant Darius Watson.  Law enforcement officers stopped the car and located more than 40 grams of fentanyl.  Additionally, the defendant was found in possession of a significant quantity of methamphetamine and a firearm.

## The History and Characteristics of the Defendant

7.     Section 3142(g)(3)(A) requires this Court to consider the defendant's personal history and characteristics, including, the defendant's past conduct and criminal history.

8.     On July 1, 2020, the defendant was stopped by police in St. Charles County, Missouri and found in possession of marijuana, methamphetamine, and a firearm.  The defendant was arrested and subsequently charged with possession of methamphetamine and possession of marijuana.  On April 21, 2021, the defendant pled guilty to possession of methamphetamine and

possession of marijuana and was placed on probation.  The defendant was on probation at the time he committed the instant offense.

### The Nature and Seriousness of the Danger to the Community

9.	Pursuant to Section 3142(g)(4), the Court must last consider "the nature and seriousness of the danger to any person or the community that would be posed by the person's release."  The defendant was in possession of a significant quantity of fentanyl and methamphetamine, substances that can be lethal.  Furthermore, the defendant was in possession of a firearm.  The fact that the defendant was distributing these substances, and that he possessed a firearm while doing so, causes a serious danger to the community.

### Risk of Flight

10.	Notwithstanding the defendant's apparent ties to the community, there is a risk that the defendant will flee.  Furthermore, the defendant has a history of failing to comply with conditions of release.

11.	On April 18, 2021, the defendant was stopped for driving with a revoked or suspended license in Dellwood, Missouri.  Court records from Dellwood reveal that the defendant failed to appear in court and a warrant was issued for his arrest.  Similarly, the defendant failed to appear in municipal court in St. Charles County and Wellston on several occasions over the past five years.

### Conclusion

12.	The government submits that when considering the factors outlined in Title 18, United States Code, § 3142(g), the factors weigh heavily in favor of detention.  There is a presumption of detention and there is clear and convincing evidence that no condition or combination of conditions that will reasonably assure the safety of any other person and the

community.  Additionally, there is a preponderance of evidence that no condition or combination of conditions will reasonably assure the defendant's appearance in Court.

WHEREFORE, requests this Court to order defendant detained prior to trial.

>
> Respectfully submitted,
> SAYLER A. FLEMING
> United States Attorney
>
> */s/ Mohsen Pasha*
> MOHSEN PASHA, #67373
> Special Assistant United States Attorney